UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | |
|---|---|
| JIMILEE HOOVER           ) | |
| ) | CASE NO. 5:11-CV-02180-JRA |
| *Plaintiff,*     ) | |
| ) | |
| v.                  ) | JUDGE JOHN ADAMS |
| ) | |
| ALLSTATE INSURANCE CO.,   ) | |
| ) | **ORDER AND DECISION** |
| *Defendant.*   ) | |

## I. INTRODUCTION

This case arises out of the termination of Plaintiff Jimilee Hoover's (Plaintiff) employment from Allstate Insurance Company (Defendant). (Compl. ¶ 3.) Plaintiff brings suit under Ohio Rev. Code Ann § 4112.02(N) for violation of age discrimination protections contained in Ohio Rev. Code Ann § 4112.02(A). (Compl. ¶ 47.) Plaintiff seeks compensatory and punitive damages and attorney fees and costs. *Id*. at 6. Defendant now moves for summary judgment. For the reasons set forth below, Defendant's motion for summary judgment is GRANTED.

## II. SUMMARY OF FACTS AND BACKGROUND

Defendant hired Plaintiff as a Records Clerk on March 8, 1978. Throughout her career at Allstate Plaintiff held positions as Records Clerk, Claim Representative, Staff Claims Adjuster, Senior Staff Claims Adjuster and Staff Claims Service Adjuster. (Johnson Aff. ¶ 3.) At the time of her termination, Plaintiff held the position of Represented Staff Claims Service Adjuster at Defendant's Hudson, Ohio office. *Id.* at ¶ 5. Her position placed Plaintiff in the highest salary band, Band C, and Plaintiff earned an annual salary of $80, 451.00. The ages of Band C employees in Plaintiff's work unit from

March 2010 to December 2010 were: 37, 39, 43, 50, 50, 51, 51, 51, 56 and 63. *Id.* at ¶ 8. Deborah Devereux-Pryor served as Plaintiff's direct supervisor and Mark Wegener served as the overall office supervisor at time of Plaintiff's termination. *Id.* at ¶ 7.

As a Represented Staff Claims Service Adjuster, Plaintiff's duties included evaluating insurance claims from initial report through final disposition; organizing work flow and managing claims in a timely and productive fashion; assessing and determining the value of a claim; negotiating settlement of denial of a claim; documenting the claim file with notes, evaluations, and the decision making process; and serving as a resource for other employees. *Id*. at 6. Plaintiff's position also required her to prioritize and handle multiple tasks; possess advanced knowledge and abilities to assess coverage, liability and damages; and have extensive negotiation skills. *Id.,* (Defense Ex. A.)

Plaintiff's claim arises out of allegations that Defendant terminated her due to age in violation of Ohio statute. (Compl. ¶ ¶ 11, 15, 43, 48.); Ohio Rev. Code § 4112.02(A). Plaintiff alleges that sometime in the 2000s, Defendant began to take steps targeted at causing the termination of all highly compensated senior claim adjusters. (Compl. ¶ 11.) In furtherance of this plan, Plaintiff claims that Defendant purposely increased her workloads, shortened time frames for claim closure, introduced and inadequately trained her on new technology and became overly critical of her work. *Id*. ¶ ¶ 14, 33-36; (Pl. Tr. 45, 50.)

Defendant maintains that standards and production expectations were increased for all employees, including employees that are similarly situated as Plaintiff. (Pl. Tr. 45, 46). Both parties agree that the increase in workload and expectations coincided with the arrival of Mark Wegener as the new manager of the Hudson, Ohio office. *Id*. at 39-40.

2

Plaintiff recognizes that "[Wegener] was very tough on everyone." *Id.* at 39.  Also, Plaintiff admits that deadlines were shortened across the entire [represented] unit." *Id.* at 40.

Plaintiff then contends that the introduction of new technology, the NextGen and Colossus software programs, led to an untenable work environment. NextGen is a tasked based program designed to track files and give adjusters set tasks to do in order to complete a claim. *Id.* at 45-46; (Devereux Aff. ¶ 8.) Colossus is a program designed to set parameters for the settlement of claims and guide the adjusters in determining a settlement amount. (Pl. Tr. 42-43.) Defendant required all adjusters to use these programs regardless of age. *Id*. at 45, 50. Plaintiff maintains that these technological changes "added to the workload" and made her job more demanding. *Id.* at 41, 45, 50.

Plaintiff argues these changes explain her lack of concentration, anxiety and depression. *Id.* at 147, 150. Plaintiff's deposition cites these factors as inhibiting her performance at work. *Id.* at 147, 150. In response to Plaintiff's medical issues, Defendant explains that management reduced Plaintiff's workload. (Devereux Aff. ¶ ¶ 10-11, 16.) Through job counseling, Defendant also tried to help Plaintiff get back up to speed and adapt to the new changes. *Id.* Plaintiff represents the amount of assistance she received as different from what the Defendant portrays, contending that her managers rarely gave her any assistance beyond a few quick walk-bys. Plaintiff alleges that her managers were ineffective at providing her assistance. (Pl. Tr. 54, 106-10.)

Defendant issued Plaintiff with an Unacceptable Performance Notification (UPN) on September 10, 2010 due to her observed pattern of poor performance. (Devereux Aff. ¶ 12-13.) The UPN is part of Defendant's business practice meant to give an employee

notice of his or her 'unacceptable' performance and provide the employee time (90 days) to improve. *Id*.; (Wegener Aff. ¶ 4.) Along with the issuance of the UPN, the employee's superiors are to provide extra counseling and coaching to encourage improved performance from the employee. (Devereux Aff. ¶ 12.) Defendant cites, "3 customer complaints, 4 attorney complaints, 4 default judgments against insureds and 7 additional pending review concerns" as incidents of poor performance and justification for issuing the UPN. *Id.* at ¶ 13. Plaintiff contests the information in the UPN, but at no point formally objected to issuance or contents of the UPN to her superiors. (Pl. Tr. 87, 91.)

Based on her increased workload and the stress it induced, Plaintiff went on short-term disability leave under the Family Medical Leave Act (FMLA) for medical reasons including high stress, anxiety and panic attacks. *Id*. at ¶¶ 22-27; (Compl. ¶¶ 26-27.) On December 8, 2010 Defendant informed Plaintiff that her short-term disability had ended because of an evaluation done by Defendant's insurance company and she could either return to work or continue her leave by using Paid Time Off (PTO). (Devereux Aff. ¶ 18.) Plaintiff chose to return to work on December 9, 2010 and management gave her a new 90 day period of her UPN. *Id.* at ¶¶ 19-20. Plaintiff returned to work at full strength and did not request reduced hours or any accommodations for reduced workload after her short-term disability. (Pl. Tr. 125, 134, 138.)

Upon returning to work, Plaintiff's job performance continued to be unsatisfactory in comparison to her peers. (Devereux Aff. ¶ 21.); (Def. Ex. B.) Defendant cited Plaintiff's continued unsatisfactory performance and proceeded with Plaintiff's termination in March 2011 after the UPN 90 day period expired. *Id.* at ¶ 23; (Wegener

4

Aff. ¶ 5.) Plaintiff was 51 years old at the time of her termination. (Johnson Aff. ¶ ¶ 3,8.) (Pl Tr. 9.)

Plaintiff filed her Complaint against Defendant on September 26, 2011 alleging improper termination based on age discrimination prohibited under Ohio Rev. Code § 4112.02(N). (Compl. ¶ 47.) Defendant filed for and was granted removal to Federal District Court. Defendant timely answered Plaintiff's Complaint and denied Plaintiff's allegations of discriminatory termination based on age. Defendant filed for summary judgment. The matter is now fully before this Court.

### III. STANDARD OF REVIEW

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Estate of Smithers v. City of Flint*, 602 F.3d 758, 761 (6th Cir. 2010). A fact must be essential to the outcome of a lawsuit to be 'material.' *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Summary judgment must be entered when a party fails to make a "showing sufficient to establish…an element essential to that party's case." *Celotex*, 477 U.S. at 322-23. "Mere conclusory and unsupported allegations, rooted in speculation, do not meet [the] burden." *Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003).

Summary judgment creates a burden-shifting framework. *See* Anderson, 477 U.S. 250. The moving party has the initial burden of showing there is no genuine issue of material fact. *Plant v. Morton Int'l, Inc.,* 212 F.3d 929, 934 (6th Cir. 2000). The burden then shifts to the nonmoving party to prove that there is an issue of material fact that can

5

be tried. *Id.* If this burden is not met, the moving party is then entitled to a judgment as a matter of law. *Bell*, 351 F.3d at 253. The court must view the evidence in the light most favorable to the nonmoving party when considering the motion. *Hamilton v. General Elec. Co.*, 556 F.3d 428, 433 (6th Cir. 2009).

## IV. LEGAL PRINCIPLES

### A. Standard For Age Discrimination Claim

Allegations brought pursuant to Ohio Revised Code § 4112.02 are to be analyzed under the same standards as federal claims brought under the Federal Age Discrimination Act (ADEA). *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 357 (6th Cir 1998); *Minadeo v. ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005). A plaintiff may demonstrate age discrimination by either direct or indirect evidence. *Minadeo*, 398 F.3d at 763. "Direct evidence is evidence that proves the existence of a fact without requiring any inferences." *Rowan v. Lockheed Martin Energy Systems*, 360 F.3d 544, 547 (6th Cir. 2004).

In cases involving allegations of age discrimination based on indirect (circumstantial) evidence, the burden-shifting framework expressed by the Supreme Court in *McDonnell Douglas Corp. v. Green* applies. 411 U.S. 792, 802-804 (1973); *Spengler v. Worthington Cylinders*, 615 F.3d 481, 491-92 (6th Cir. 2010). Under this framework, a plaintiff must first establish a prima facie case of age discrimination. A prima facie case requires plaintiff demonstrate: (1) that she was a member of a protected class; (2) that she was discharged; (3) that she was qualified for the position that she held; and (4) that she was replaced by someone outside of the protected class or was treated

6

differently than similarly situated, non-protected employees. *Minadeo,* 398 F.3d at 764; *Weatherby v. Federal Express*, 454 Fed. Appx. 480, 490 (6th Cir. 2012).

If a prima facie case is made by a plaintiff, the burden shifts to the employer to express a non-discriminatory reason for their action. *McDonnell Douglas*, 411 U.S. at 802; *Harris v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.,* 594 F.3d 476, 485 (6th Cir.2010). If the employer meets this burden, there is a shift back to the plaintiff to show that the employer's reason is mere pretext for intentional age discrimination. *Id.* Plaintiff maintains the ultimate burden of proving "age was the 'but-for' cause" of the employer's action. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 177 (2009).

**V. Analysis**

Defendant moves for summary judgment on Plaintiff's claim of improper termination based on age discrimination in violation of Ohio Rev. Code § 4112.02(A). Section 4112.02 (A) states the no employer shall, "discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job." Ohio Rev. Code § 4112.14(A). This Ohio based age discrimination action is to be analyzed under the standards of the ADEA. *Minadeo*, 398 F.3d at 763.

### A.     Direct Evidence

Plaintiff holds up the increase in performance standards that coincided with the arrival of Mark Wegener as direct evidence of age discrimination. Disagreement with new management and new management standards does not equate to evidence of age discrimination. *Peters v. Lincoln Elec. Co.,* 285 F.3d 456 (6th Cir. 2002). "What may have satisfied one management regime does not necessarily satisfy its successor" *Id.*

Plaintiff's performance under a past management regime is not direct evidence of

7

age discrimination. Plaintiff does not offer any other substantial evidence to show the new management standards had the purpose of age discrimination. The mere increase in what management expects is not age discrimination by itself. The expectations of management as to *all* employees did change. Evidence supplied by both parties supports this finding. Plaintiff desires this Court make the assumption that management's increase in expectations is direct evidence of age discrimination. To do so is not consistent with the burden required. The increased standards by themselves without substantive proof they were age-related does not equate to direct evidence of age discrimination.

**B.** **Indirect Evidence: Prima Facie Case**

Plaintiff does not meet all elements required for a prima facie case of age discrimination based on indirect evidence.

### i. Plaintiff is a member of the protected class and Defendant terminated her employment.

Defendant concedes that Plaintiff is; (1) a member of a protected class, and (2) Defendant discharged Plaintiff from employment at Defendant's company. Plaintiff therefore meets the first two elements of a prima facie case. *Minadeo*, 398 F.3d at 764.

### ii. Plaintiff is qualified for her position.

A finding that a plaintiff is qualified for their position at the prima facie stage should focus on the plaintiff's, "education, experience in the relevant industry, and demonstrated possession of the required general skills" necessary for the position in question. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 563, 576 (6th Cir. 2003). Plaintiff is only required to show the equivalent of the minimum objective criteria necessary for her position. *Id.* Still, a plaintiff must perform to the level an employer expects. *Id. at* 575; *Dews v. A.B. Dick Co.*, 231 F.3d 1016 (6th Cir. 2000). When

8

contention exists over the qualifications of a plaintiff, it is more appropriate to presume for the sake of argument that Plaintiff has met the minimum prima facie burden because there is a genuine issue of material fact concerning this issue. *Wexler*, 317 F.3d at 575; *Godfredson v. Hess & Clark, Inc*., 173 F.3d 365, 372 (6th Cir. 1999) (finding the existence of a material issue of fact regarding the qualifications of a terminated employee when the employee had worked at a satisfactory level in years prior, was promoted within the company and given more responsibility based on his work).

A court may not consider the employer's submitted non-discriminatory reason for termination at the prima facie stage. *Wexler*, 317 F.3d at 574; *Hale v. ABF Freight Systems*, 503 Fed. Appx. 323, 333 (6th Cir. 2012). Defendant may submit documented issues of an employee's poor performance as a legitimate nondiscriminatory reason for termination, but a court may not consider this evidence at the prima facie stage in regards to this element. *Wexler*, 317 F.3d at 574. Doing so effectively bypasses the burden-shifting analysis and deprives a plaintiff of the opportunity to show pretext. *Id.* In this case there is reasonable contention over whether Plaintiff is qualified for her position. Facts show that Plaintiff worked to an above satisfactory level in her previous years of employment with Defendant. Defendant continually promoted Plaintiff within the company. *See Godfredson,* 173 F.3d at 372. Defendant does produce documentation of Plaintiff's poor performance, but this evidence is not to be analyzed at this stage. These facts satisfy the minimum standard of qualification for a position at the prima facie stage. This, however, does not end the Court's analysis of the prima facie factors. Plaintiff must satisfy *all* four factors of a prima facie case.

### iii. Plaintiff does not satisfy the fourth element of a prima facie case because her position was not filled by a younger person outside the protected class.

Plaintiff does not fulfill the fourth element of a prima facie case because Defendant did not replace Plaintiff with a younger employee outside the class protected by the ADEA. An employee is not replaced when their work is redistributed to other employees already doing similar work. *Grosjean v. First Energy Corp.*, 349 F.3d 332, 336 (6th Cir. 2003); *Lilly v. BTM Corp.*, 958 F.2d 746, 752 (6th Cir. 1992) (holding that spreading the duties of the terminated employee among other employees already employed does not constitute replacement.) Replacement only occurs when another is hired or reassigned to perform the Plaintiff's duties. *Id.* (quoting *Barnes v. Gen-Corp., Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990)); *see also*, *Blizzard v. Marion Technical College*, 698 F.3d 275 (6th Cir. 2012).

The facts show that upon Plaintiff's termination Defendant reassigned Plaintiff's cases and tasks to other employees. These employees were already employed by Defendant and were similarly situated. The majority of the employees to whom tasks were reassigned to are close in age to the Plaintiff. Band C employees to whom the Plaintiff's work was given were in fact either older than Plaintiff or within a year of Plaintiff's age (50 and older). Defendant did not hire any individual to fill the position vacated by Plaintiff after her termination[1].

---

[1] Plaintiff attempts to establish the fourth element of the prima facie case by asserting that 'a reasonable inference of age discrimination' can substitute this element and cites *Keathley v. Ameritech Corp.*, 187 F.3d 915, 923-24 (8th Cir. 1999). This decision is not binding on this court and is unsupported by any case law from the Sixth Circuit. Further, *Keathley*'s 'reasonable inference of age discrimination' can only be used to prove the Defendant's reasons as pretext, and may not be used as a means to satisfy the fourth element of a prima facie case as required by *McDonnell Douglas*.

Plaintiff places considerable weight on her assertion that Defendant treated a younger employee, Amy Poremba, in a different manner from her and this satisfies the fourth element of a prima facie case. This contention rests mainly on Plaintiff's view that Ms. Poremba performed poorly in a manner similar to the Plaintiff, but Defendant did not terminate Ms. Poremba. However, Ms. Poremba is not similarly situated. *See Jackson v. Int'l Fiber Corp.,* 395 Fed. Appx. 275, 280 (6th Cir. 2010). Ms. Poremba is a Band B employee and Plaintiff is a Band C employee. Band C employees are more highly compensated than Band B employees. Plaintiff is also a more senior employee and assigned more responsibilities based on her higher level of experience. Any different treatment between the two employees is not proper for review since the two are not similarly situated. *Id.*

Plaintiff does not meet the fourth element of a prima facie case based on these facts. Accordingly, Plaintiff fails to satisfy her burden under *McDonnell Douglas*.

### C. Legitimate Non-Discriminatory Reasoning for Plaintiff's Termination.

Even assuming that Plaintiff were able to establish a prima facie case for age discrimination, Defendant satisfies the *McDonnell Douglas* burden shift by offering a legitimate non-discriminatory reasoning for Plaintiff's termination.

Legitimate business reasons satisfy the employer's legitimate non-discriminatory reason for a termination. *Blizzard*, 698 F.3d at 284 (holding that there is no age discrimination for firing an employee who failed to adequately use new software systems, resisted changes to the duties of a job and failed to perform the necessary functions of her job). Plaintiff's work performance did noticeably decline. Defendant cites incomplete work, attorney complaints, pending review concerns, a frozen bank account and default

11

judgments that occurred as a result of Plaintiff's poor performance. Plaintiff admits her performance was unsatisfactory at times and that she did not achieve all of the goals set for her in the UPN. These facts provide Defendant a legitimate business reason to explain the termination of Plaintiff on grounds not based upon age.

### D. Pretext

Once the defense satisfies its burden to show non-discriminatory reason The burden now shifts back to Plaintiff to prove that the legitimate non-discriminatory reason offered by Defendant is mere pretext for firing Plaintiff. *McDonnell Douglas*, 411 U.S. at 804. Plaintiff must present proof by a preponderance of the evidence that Defendant's explanation for her termination is pretext and the real reason for her termination is her age. *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009); *Burzynski v. Cohen,* 264 F.3d 611, 622 (6th Cir. 2001). There must be "sufficient evidence from which a jury could reasonably reject the [employer's] explanation of why it fired her." *Chen*, 580 F.3d at 400. Plaintiff may accomplish this by showing; (1) that the proffered reasons have no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) they were insufficient to motivate the employer's action. *Hedrick*, 355 F.3d at 460; *Chattman v. Toho Tenax Am, Inc.*, 686 F.3d 339, 349 (6th Cir. 2012). This is not a rigid test. *Blizzard,* 698 F.3d at 285. Instead, "pretext is a common-sense inquiry: did the employer fire the employee for the stated reason or not?" *Chen*, 580 F.3d at 400 n. 4.

Summary judgment is not proper every time that an employer offers business reasoning as their basis for the termination. *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 526-27 (quoting *Hartzel v. Keys*, 87 F.3d 795, 800 (6th Cir. 1996)). It is possible a reasonable jury can call into question the decision of the employer because the perceived

12

lack of merit and genuineness of the decision. *Id.* Plaintiff must offer "ample" evidence to show the decision of the employer lacked merit and genuineness. *Id.*

Plaintiff attempts to meet this burden with her assertion that the business reasons Defendant presents are mere 'papering of the file' and thus pretext for her termination. Plaintiff declares the reasons supplied by Defendant in the UPN are repetitive and should be seen as evidence Defendant decided to terminate Plaintiff before the end of the UPN period. These assertions are not enough to overcome the particularized facts offered by Defendant. *See Id.* Plaintiff's disagreement with the contents of the UPN does not equate to evidence of pretext. *See Ortega v. Cosmair, Inc.,* 996 F.2d 1216, *7 (6th Cir. 1993) (holding that the ADEA is not designed to allow judicial second guessing of business decisions; a business decision does not need to be good, it only must be nondiscriminatory). The ADEA is to ensure older employees are not deprived of employment based on improper [age] stereotypes and to make sure employers assess employees on their merits and not on age. *EEOC v. Wyoming*, 460 U.S. 226, 231 (1983). Further, "The ADEA was not intended to protect older workers from the often harsh economic realities of common business decisions and the hardships associated with corporate reorganizations." *Allen v. Diebold*, 33 F.3d 674, 677 (6th Cir. 1994). Plaintiff offers no evidence to overcome Defendant's legitimate nondiscriminatory reason for her termination. Therefore there exists no issue of material fact as to whether Defendant's reason is pretext.

## VI. Conclusion

Based on the reasons stated herein, Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's claims are hereby DISMISSED.

IT IS SO ORDERED


DATE: August 22, 2013    */s/ John R. Adams*_____

                                                    Judge John R. Adams

                                                    UNITED STATES DISTRICT COURT